IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In Re:

Dominic A. and Barbara J. Gorniak,

(Chapter 7)

Debtors.                                         Case No. 13-15827

---

## MEMORANDUM DECISION

Debtors, Dominic and Barbara Gorniak, filed a Chapter 11 case which they converted to Chapter 7 on June 27, 2014. At the time of the conversion, the debtors maintained a debtors in possession (DIP) account which contained $8,652.43, 100% of which was post-petition earnings of the debtors. The Chapter 7 trustee sought turn-over of the $8,652.43 arguing that pursuant to 11 U.S.C. §§ 541, 1115(a)(2), 348(f), and existing case law within the Seventh Circuit interpreting these provisions, the funds held in the DIP account on the date of conversion are property of the Chapter 7 bankruptcy estate.

The debtors objected, relying on *In re Evans*, 464 B.R. 429 (Bankr. D. Colo. 2011), and *In re Markosian*, 506 B.R. 273 (B.A.P. 9th Cir. 2014). Debtors argue that pursuant to §§ 348(a) and 348(f) assets of an estate at the time of conversion from Chapter 11 to 7 are treated in the same way as assets of an estate at the time of conversion from Chapter 13 to 7. Additionally, debtors assert that *Harris v. Viegelahn*, 135 S.Ct. 1829 (May 18, 2015), "makes it clear that after a conversion, post-petition earnings are not property of the Chapter 7 estate."

11 U.S.C. § 541(a)(6) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:

1

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

11 U.SC. § 541 (2012).

In Chapter 13, § 1306(a)(2) provides:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title -

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306 (2012).

Similarly, in Chapter 11, § 1115(a)(2), provides:

(a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541 -

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

11 U.S.C. § 1115 (2012).

Section 348(a) provides:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsection (b) and (c) of this section does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348 (2012). Additionally, §§ 348(f)(1)(A) and (2) provide:

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title –

(A) the property of the estate in the converted case shall consist of property of the estate as of the date of filing of the petition, that remains in

the possession of or is under the control of the debtor on the date of conversion . . . .

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348 (2012). Congress has enacted no analogue to § 348(f)(1)(A) for Chapter 11 to 7 conversions.

Several bankruptcy courts within the Seventh Circuit have addressed the expansive interpretation of § 348(a) suggested by the debtors. In 1986, in *In re Ford*, this court rejected the interpretation. 61 B.R. 913, 916 (Bankr. W.D. Wis. 1986). In 2015, in *In re Meier*, relying on the Seventh Circuit's 1992 *In re Lybrook* decision, the United States Bankruptcy Court for the Northern District of Illinois reached the same conclusion. 528 B.R. 162, 165 (Bankr. N.D. Ill. 2015).

In *In re Ford*, this court analyzed a creditor's argument that for all purposes not specifically excluded by §§ 348(b) and (c), including a determination of what assets are included in the estate, a debtor's converted case must be treated as though it were a Chapter 7 case actually filed on the original petition date. 61 B.R. at 916. Looking to § 348(a), this court found that although that subsection provides that "a chapter 7 case which has been converted from a case under another chapter is considered to have been commenced on the date of the original petition," that "does not mean . . . that all actions taken in the case prior to conversion become nullities." *Id.* at 916. Specifically, in a Chapter 11 to 7 conversion, this court held that "[t]he operation of section 348(a) of the Code does not result in the retroactive divestment of post-petition property acquired by the estate upon conversion to chapter 7." *Id.* at 917-918.

The conclusion in *In re Meier* was based on the Seventh Circuit's 1992 *In re Lybrook* decision. Debtors in *Lybrook* argued that the $70,000 they received post-petition was not property of the Chapter 7 estate after conversion. Specifically, debtors looked to § 348(a) to argue that "the Chapter 7 proceeding should . . . be deemed to have begun on the day the chapter 13 proceeding was filed." *In re Lybrook*, 951 F.2d at 137 (quoting 11 U.S.C. § 48(a)). And. the $70,000 would not have been includable in the Chapter 7 estate at that time, so, it should be excluded following conversion.  In finding against the debtors, the court was "more impressed by the bankruptcy judge's observation that a rule of once in, always in is necessary to discourage strategic, opportunistic behavior that hurts creditors without advancing any legitimate interest of debtors." *Id.* Accordingly, although the debtors proposed one "possible reading" of § 348(a), "an equally good alternative from a purely semantic perspective is that conversion from Chapter 13 to Chapter 7 does not affect the bankrupt estate but merely assures the continuity of the case for purposes of filing fees, preferences, statutes of limitations, and so forth." *Id.*

In *In re Meier*, the debtor filed for bankruptcy under Chapter 11, but then voluntarily converted to Chapter 7.  After conversion Meier asserted that the $98,004.23 in his DIP checking account, which was post-petition personal services income, was not property of the estate. Meier's cited the 9th Circuit BAP's *In re Markosian* decision.  In finding against Meier, the court rejected the position adopted by both the *In re Markosian* and *In re Evans* courts, and held that:

> If Congress had meant to reject the rule in *Lybrook* generally instead of only in Chapter 13, it could have done so. Instead, there is an express statutory command that rejects the *Lybrook* rule for conversions from Chapter 13. § 348(f)(1). However, there is no such statute for Chapter 11, so the *In re Lybrook* interpretation of § 348(a)(1) is still law in this Circuit. Therefore, personal income of a Chapter 11 debtor is property of the Chapter 7 estate after conversion.
>
> ....

The money in the subject DIP account is property of the estate and is not subject
to any exception.

*In re Meier*, 528 B.R. at 165; *see In re Hoyle*, 2013 WL 3294273 (Bankr. D. Idaho 2013) ("In

light of the omission of a provision equivalent to § 348(f)(1) applicable to the converted chapter

11 case, Debtor's argument that the DIP accounts at conversion are not 'property of the estate'

does not hold.") (citing *In re Tolkin*, 2011 WL 1302191 (Bankr. E.D.N.Y. 2011)).

The debtors' misread *Harris*. In *Harris* the Supreme Court addressed the narrow question

of what a trustee must do with a debtor's post-petition earnings following conversion from

Chapter 13 to Chapter 7. 135 S. Ct. 1829, (2015); *see Id.* at 1835 ("May the trustee distribute the

accumulated wage payments to creditors as the Chapter 13 plan required, or must she remit them

to the debtor? That is the question this case presents."). The *Harris* decision does not stand for

the proposition that all post-petition earnings revert to a debtor when a case is converted from

*any* chapter to a Chapter 7.  Nowhere does the *Harris* court mention Chapter 11 filings or

conversions from Chapter 11 to Chapter 7. *See Id.* ("Two roads individual debtors may take are

relevant here: Chapter 7 and Chapter 13 bankruptcy proceedings."). Accordingly, debtors'

contentions that, "[t]he reasoning behind *In re Lybrook* and any other similar decision has been

unanimously rejected by the U.S. Supreme Court," and that "[t]hese holdings have been

overruled by *Harris* and their binding or persuasive authority is no longer valid," are

unsupported by the text of the *Harris* decision. Further, debtors' argument that "any court

holding that a debtor's post-petition earnings constitute property of the Chapter 7 estate after

conversion would . . . be . . . ruling against an explicit Supreme Court holding," is inaccurate, as

the *Harris* court did not so hold.  The *Harris* court relied on § 348(f), and, accordingly, debtors'

reliance on the *Harris* opinion is misplaced. *Id.* at 1837.

Turnover of the DIP account at question here to the trustee is compelled by the controlling law. It may be so ordered.

Dated:  April 8, 2016

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE